IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HECTOR GONZÁLEZ PAGÁN, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

CIVIL NO.: 14-1795 (MEL)

**OPINION AND ORDER**

I.   **PROCEDURAL HISTORY**

On October 30, 2015, Héctor González Pagán ("González"), Johanna Alma Matos ("Alma"), and MAR-A ("minor") (collectively "plaintiffs") filed a complaint against the United States, the Veterans Administration Center ("VA Center"), the Department of Veterans Affairs ("VA"), United States Secretary of Veterans Affairs Robert A. McDonald, United States Attorney General Eric Holder, and United States Attorney for the District of Puerto Rico Emilia Rodríguez Vélez (collectively "defendants"). ECF No. 1. This case stems out of González applying for, being given a letter of pre-offer employment regarding, and ultimately being denied a position with the VA Clinic in Mayagüez, Puerto Rico. Plaintiffs alleged violations of the constitutional right to due process, Title VII, 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Uniform Services Employment and Re-employment Rights Act ("USERRA"), Servicemembers Civil Relief Act ("SCRA"), and, through the Federal Tort Claims Act ("FTCA"), articles 1802 and 1803 of the Puerto Civil Code, 31 L.P.R.A. §§ 5141 & 5142 (imposing liability for damages caused by fault

or negligence). Currently pending before the court is defendants' Motion to Dismiss the Complaint filed on April 4, 2016. ECF No. 30. Because this motion was filed almost five months after the deadline to file such motions elapsed, November 13, 2015, the portion of the motion requesting dismissal for failure to prosecution was denied on April 25, 2016.[1] ECF No. 39. Due to the nature of the other issues raised by the motion, however, disposition on the merits is warranted.

## II. LEGAL ANALYSIS

Defendants' motion alleges multiple bases for dismissal: (1) that Alma does not have a cause of action under Title VII, (2) that the only proper defendant under the FTCA is the United States, (3) that federal employees have no cause of action under the ADA, (4) that González, as a member of the military, does not have a cause of action under Title VII, (5) that plaintiffs failed to exhaust in a timely manner the administrative remedies required to bring Title VII and ADEA claims, (6) that plaintiff' FTCA claims were filed outside the prescriptive period, and (7) that plaintiffs failed to state a claim under USERRA. Each of these arguments shall be addressed in turn.

### a. Claims Surrendered

A few of the arguments raised by defendants can be easily disposed of because plaintiffs stipulated these matters. First, plaintiffs agreed that the claims under Title VII cannot be maintained by Alma, González's spouse.[2] ECF No. 43, at 6. Second, plaintiffs conceded that the

---

[1] Despite the summary dismissal of the failure to prosecute arguments, plaintiffs addressed it in their response to the motion. Thus, any time spent preparing this portion of the response shall not be considered in the computation of the reasonable attorneys fees that defendants were ordered to pay. See ECF No. 39.

[2] Defendants have only challenged and plaintiffs have only addressed the ability of González's spouse, Alma, to bring a claim under Title VII. No one has addressed the ability of the minor to maintain the same action. However, the analysis is the same. Title VII relief is limited to federal "employees or applicants for employment." 42 U.S.C. § 2000e-16(a). See Ramos v. Roche Prods., 694 F.Supp. 1018, 1026 (D.P.R. 1988), vacated on other grounds, 880 F.2d 621 (1st Cir 1989) (quoted in Díaz-Romero v. Ashcroft, 472 F.Supp.2d 156, 161–162 (D.P.R. 2007) ("[Congress] did not intend to provide a remedy to a spouse of a plaintiff having no employment connection with the

only defendant potentially liable for the claims under the FTCA (as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. 2679), is the United States. Therefore, the only plaintiff remaining for the Title VII claims is González and the only defendant remaining for the FTCA claims is the United States.

      b.  <u>United States as an Employer under the ADA</u>

Defendants argue that plaintiffs cannot maintain a cause of action under the ADA against the United States. Plaintiffs have not responded to this argument, but it shall be addressed on its merits.

Title I of the ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring . . . of employees . . . ." 42 U.S.C. § 12112(a). Covered entity is defined as an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111. Under the ADA, the definition of employer "does not include (i) the United States, a corporation wholly owned by the government of the United States . . . ." 42 U.S.C. § 12111(5)(B). Thus, federal employees have no remedy for employment discrimination under the ADA. See <u>Calero-Cerezo v. U.S. Dept. of Justice</u>, 355 F.3d 6, 11 n.1 ("the ADA is not available to federal employees"); <u>Enica v. Principi</u>, 544 F.3d 328, 338 n.11 (1st Cir. 2008) (noting that, as a federal employee, the plaintiff was not covered under the ADA); <u>Rodríguez Alzugaray v. U.S.</u>, Civ. Case No. 11-1347 (PG), 2014 WL 1275964, at *6 (D.P.R. 2014) ("It is well-settled that the federal government is excluded from the ADA's definition of employer" (internal quotations omitted)); <u>In re Chapman</u>, 777 F.Supp.2d 196, 197 (D. Me. 2011) ("The

---

employer. 42 U.S.C. § 2000e-2 only prohibits discrimination arising out of an employment relationship."); <u>King v. Dalton</u>, 895 F.Supp. 831, 836 (E.D. Va 1995) ("As the explicit terms of [§2000e-16(a)] make clear, a threshold requirement for imposing Title VII liability against the federal government is that the plaintiff be an employee or applicant for employment of the defendant federal agency . . . ." (internal quotation omitted)). Therefore, the only proper plaintiff to maintain the Title VII claim is the federal employee, González.

ADA does not cover the federal government at all . . . ."). Thus, plaintiffs cannot maintain an ADA claim against the United States. Further, the ADA is focused on the conduct of employers and does not impose individual liability. See Román-Oliveras v. Puerto Rico Elec. Power Authority, 655 F.3d 43, 52 (1st Cir. 2011). Therefore, defendants' motion to dismiss all claims alleging violation of Title I of the ADA is granted.

    c.  Title VII Military Exception

Next, defendants contend that González, as a uniformed member of the military, is excluded from the protections of Title VII. According to plaintiffs' allegations in the complaint, at the time González applied for employment with the Veterans Administration, he was a service member with the United States Army Reserve. ECF No. 1, at 3.

The relevant provision of the law provides that "[a]ll personnel actions affecting employees or applicants for employment . . . in military departments . . . [and] in executive agencies . . . shall be made free from any discrimination based on race, color religion, sex, or national origin." 42 U.S.C. § 2000e-16. "Military departments" includes the Department of the Army, for which González worked as member of the reserve component; and "executive agencies" includes the Department of Veterans Affairs, to which González applied for employment. 5 U.S.C. §§ 101–102, 105. Multiple United States Courts of Appeals have held that this provision only applies to civilian employees (or applicants for employment) of military departments, but that military personnel are excluded. This has always been decided, however, in the context of an employee or applicant for employment who is alleging that the military department itself discriminated against him. See e.g. Gordon v. Illinois Army Nat'l Guard, 215 F.3d 1329 (7th Cir. 2000) (unpublished) (holding that a First Sergeant in the Illinois Army National Guard could not sue the National Guard and its officials for engaging in an allegedly continuing pattern of discriminatory treatment); Corey v. United States, 124 F.3d 216 (10th Cir.

4

1997) (unpublished) (holding that an Airman in the United States Air Force could not sue the Air Force for allegedly discriminatory actions); Randall v. United States, 95 F.3d 339, 343 (4th Cir. 1996) (holding that a Major in the United States Army could not sue the United States and Army officials for allegedly discriminatory denial of promotion); Roper v. Dep't of Army, 832 F.2d 247, 248 (2d Cir. 1987) (holding that a United States Army Reserve Sergeant could not sue the Department of the Army for allegedly discriminatory denial of promotion); Stinson v. Hornsby, 821 F.2d 1537 (11th Cir. 1987) (holding that a member of the Alabama National Guard who was on full time military duty and functioned more as military personnel than civilian could not sue the National Guard and its officers); González v. Dep't of Army, 718 F.2d 926, 927-28 (9th Cir. 1983) (holding that a Major in the United States Army could not sue the Department of the Army for allegedly discriminatory denial of promotions); Johnson v. Alexander, 572 F.2d 1219, 1224 (8th Cir. 1978) (holding that an applicant for enlistment in the United States Army could not sue Army officials for denying his enlistment). Courts have emphasized, in reaching these holdings, that military enlistment is materially different from an employer-employee relationship. Taylor, 653 F.2d at 1200; see also Roper v. Dep't of Army, 832 F.2d at 248 ("Military service continues to differ materially from civilian employment in that officers and personnel are subject to military law and unable to terminate such employment at will."); Johnson, 572 F.2d at 1223 ("An enlisted man in the Army, for example, is not free to quit his "job," nor is the Army free to fire him from his employment. Additionally, the soldier is subject not only to military discipline but also to military law.").

      Here, however, González did not bring suit in his capacity as military personnel suing a military department. Although he is enlisted in a military department, he is suing an executive agency for employment discrimination. Defendants have pointed to no relevant case law stating

that the mere fact of being employed as a military service member prevents the individual from suing other federal agencies based on their employment practices. Defendants also have not alleged that the position of Medical Support Assistant with the Veterans Administration Clinic at Mayagüez, when held by a uniformed member of the United States Army Reserve, differs in any material respect from the traditional employer-employee relationship. They have not asserted, for instance, that such a Medical Support Assistant would be subject to military law. Therefore, defendants' motion to dismiss the Title VII claims on the basis of a military exception is denied.

    d. <u>Failure to Exhaust</u>

Next defendants argue that plaintiffs' Title VII, ADEA, and FTCA claims should all be dismissed for failure to comply with statutory timing requirements.

    *i. Title VII and the ADEA*

"Under Title VII, a federal employee must exhaust her administrative remedies before initiating a complaint of discrimination in federal court." <u>Farris v. Shinseki</u>, 660 F.3d 557, 562 (1st Cir.2011) (citing 42 U.S.C. § 2000e–16(c)). "Whether an employee has exhausted all [of] her administrative remedies is dependent on a timely filing of a charge with the requisite administrative agency and the receipt of a right-to-sue letter from that agency." <u>Jorge v. Rumsfeld</u>, 404 F.3d 556, 564 (1st Cir.2005) (citing <u>Morales–Vallellanes v. Potter</u>, 339 F.3d 9, 18 (1st Cir.2003)). Under the ADEA, however, federal employees may choose to bypass the administrative remedies and sue directly in federal district court. <u>See</u> 29 U.S.C. §§ 626(d) and § 633a(c). If the employee choses to file an administrative complaint, however, the administrative remedies must be exhausted before a suit may be filed in federal court. <u>See</u> <u>McGinty v. U.S. Dept. of Army</u>, 900 F.2d 1114, 1117 (7th Cir.1990) (citing <u>Purtill v. Harris</u>, 658 F.2d 134, 138 (3rd Cir.1981); <u>Rivera v. United States Postal Serv.</u>, 830 F.2d 1037 (9th Cir.1987); <u>Bornholdt v. Brady</u>, 869 F.2d 57, 63 (2d Cir.1989)).

Under the administrative procedures, applicants for employment with a federal executive agency who allege employment discrimination must first "initiate contact" with an Equal Employment Opportunity ("EEO") counselor within 45 days of the "matter alleged to be discriminatory" or the "effective date" of the personnel action in question. 29 C.F.R. §§ 1614.103, 1614.105(a)(1). The failure to contact an EEO counselor within the relevant 45–day period causes the plaintiff to lose the right to subsequent pursue the claim in question in court. See Román–Martínez v. Runyon, 100 F.3d 213, 217 (1st Cir.1996) (Title VII); Betz v. Chertoff, 578 F.3d 929, 937–38 (8th Cir. 2009) (ADEA); see also Velázquez–Rivera v. Danzig, 234 F.3d 790, 794 (1st Cir.2000) (finding administrative remedies were not exhausted since plaintiff did not make contact with an EEO counselor within 45 days as required by the regulations). "Although the regulation does not define the term 'initiate contact,' the Equal Employment Opportunity Commission has consistently held that 'a complainant may satisfy the criterion of EEO Counselor contact by initiating contact with any agency official logically connected with the EEO process, even if that official is not an EEO Counselor, and by exhibiting an intent to begin the EEO process.'" Culpepper v. Shafer, 548 F.3d 1119, 1122 (8th Cir. 2008) (quoting E.E.O.C. Management Directive 110, at ch. 2, § I.A, n.1 (Nov. 9, 1999)); see also Lord v. Holder, 568 F. App'x 435, 437 (6th Cir. 2014); Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch, 572 F.3d 1039, 1045 (9th Cir. 2009). Courts "accept an agency's interpretation of its own regulation 'unless plainly erroneous or inconsistent with the regulation.'" Kolbe v. BAC Home Loans Servicing, LP, 738 F.3d 432 (1st Cir. 2013) (quoting Auer v. Robbins, 519 U.S. 452, 461 (1997) (internal quotations omitted)).

Additionally, this requirement is not jurisdictional, but rather functions as a statute of limitations defense. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) ("We hold

that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit . . . ."); Horton v. Potter, 369 F.3d 906 (6th Cir. 2004) ("The requirement that a federal employee initiate contact with an EEO counselor within 45 days of the alleged discrimination is not a jurisdictional prerequisite."); Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997) ("[T]he administrative time limits created by the EEOC erect no jurisdictional bars to bringing suit."); Johnson v. Runyon, 47 F.3d 911, 917 (7th Cir. 1995) (The requirement to contact an employment counselor within 45 days "is construed as a statute of limitations and not as a jurisdictional prerequisite."). Motions to dismiss based on the expiration of statutes of limitations are granted "when the pleader's allegations 'leave no doubt that an asserted claim is time-barred.'" Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010) (quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998). For these purposes, the court "must assume the truth of all well-plead facts and give plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007).

Here, González did not utilize the bypass option of the ADEA, but rather he sought administrative remedies. The Title VII and ADEA timeliness shall therefore be addressed together. The complaint alleges that González became aware that he would not be hired when he received the VA's response to a Freedom of Information Act request dated July 8, 2013. ECF No. 1, ¶ 19. Defendants do not challenge this date as when the prescriptive period should begin. ECF No. 30, at 8. Plaintiffs concede that González did not initiate contact with an EEO Counselor within the prescribed forty-five days. ECF No. 43, at 6.

Plaintiffs, however, claim that the SCRA allows for this late filing. SCRA does provide for tolling of statutes of limitations for servicemembers.[3] 50 USC § 3936(a). Specifically, "[t]he period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding . . . in any board, bureau, commission, department, or other agency of a State . . . or the United States by or against the servicemember . . . ." Id. Military service, in relevant part, is defined as "active duty," which, in turn, "means full-time duty in the active military service of the United States." 10 U.S.C. § 101(d)(1); 50 U.S.C. § 3911.

González claims, and defendants do not rebut, that he was on active duty for these purposes from August 15, 2013 to August 31, 2013. Thus, the clock stopped during those 16 days. Thirty-seven days elapsed from the letter of July 8, 2013 to González's entry onto active duty. There is disagreement, however, as to exactly how much time elapsed between González ending active duty and sufficient contact being made with the Equal Employment Opportunity Commission ("EEOC").

The complaint alleges that an administrative complaint was filed with the EEOC on September 5, 2013. ECF No. 1, ¶ 24. In their response to the motion to dismiss, plaintiffs attached a facsimile from the Director of the San Juan office of the EEOC acknowledging the receipt of an "inquiry of discrimination dated September 5, 2013."[4] ECF No. 43-9. The director of the local office of the EEOC is certainly an "agency official logically connected with the EEO process" and the filing of an inquiry of discrimination See Khiaosoth v. Nicholson, EEOC DOC 0120070730, 2007 WL 2026847 (July 5, 2007) (finding contact with an appropriate official

---

[3] In the complaint, plaintiffs alleged that the doctrine of equitable tolling applies. ECF No. 1, at 5. However, plaintiffs clarified that this legal principle was alleged only for the purpose of establishing July 8, 2013 as the date on which the prescriptive period began, not for the purpose of tolling the prescriptive period after that date.

[4] Although this letter states that González still needs to contact his EEO counselor regarding the procedure to file the complaint, defendant does not make an argument in this regard. ECF No. 43-9.

where complainant contacted a Regional EEO officer); Campbell v. Henderson, EEOC DOC 01994749, 2001 WL 387549 (Apr. 5, 2001) (finding that a letter to the EEO office in Baton Rouge constituted sufficient contact). Further, at this stage, it is reasonable to infer in the absence of contradictory evidence that the contact made with the EEOC office itself alleging discrimination shows sufficient intent to begin the EEO process. Five days elapsed from the end of his active duty until plaintiffs' alleged date of communication with the EEOC. When combined with the thirty-seven days accrued before González entered active duty, a total of forty-two days elapsed.

Defendants claim, both in their motion to dismiss and their reply, however, that plaintiffs made contact with the EEO Counselor on October 24, 2013. ECF Nos. 30, at 8; 47, at 3. This would exceed the forty-five days allowed. This bare allegation is not sufficient to conclude that there is "no doubt" that plaintiffs' claims are time-barred. See Gorelik, 605 F.3d at 121. Even if contact with an officially designated EEO Counselor was not made until October 24, 2013, under EEOC regulations, these claims would not be time-barred if at trial it is shown that timely contact was made with an agency official logically connected with the EEO process and that plaintiffs showed satisfactory intent to begin the EEO process. Therefore, defendants motion to dismiss plaintiffs' Title VII and ADEA claims for failure to timely exhaust administrative remedies is denied.[5]

### ii. FTCA

Defendants also argue that plaintiffs' claims pursuant to the FTCA are time-barred. Claims under the FTCA "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years . . . or unless action is begun within six months after

---

[5] With the benefit of additional evidence, documentary or otherwise, this matter could be revisited at the Rule 50 stage at trial.

the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). This time limit is not a jurisdictional requirement and is thus subject to tolling. United States v. Kwai Fun Wong, 135 S.Ct. 1625, 1638 (2015).

As noted above, the accepted date that González became aware of the alleged discriminatory action was July 8, 2013. Plaintiffs allege that they "filed an administrative complaint under FTCA (SF 95) on September 9, 2013." ECF No. 1, at 6. The elapsed two months certainly falls within the window of time allowed to file the initial agency complaint. Thus, the court must look at the whether the post administrative procedure time limit was maintained.

Plaintiffs allege that they received their right to sue letter on or around October 7, 2013. ECF No. 1, at 6. The complaint in this case was filed on October 20, 2014. ECF No. 1. Plaintiffs had six months from this final agency denial to file the federal complaint, yet the complaint was filed over a year later. Plaintiffs' only response here is to point out that a previous civil case was filed raising the same allegations. The complaint in that case was filed on January 27, 2014. González-Pagán, et al v. Veterans Administration Center, et al, 14-1066 (GAG), ECF No. 1. Thus, it was filed within the six month window. Plaintiffs identify no legal basis, however, establishing that a previously filed civil case tolls the statute of limitations for FTCA claims.

As defendants correctly argue, "a prescriptive period is not tolled by filing a complaint that is subsequently dismissed without prejudice." Chico-Vélez v. Roche Products, Inc., 139 F.3d 56, 58 (1st Cir. 1998); Nat'l R.R. Passenger Corp. v. Int'l Assoc. of Machinists and Aerospace Workers, 915 F.2d 43 (1st Cir. 1990) ("Of course, it is well settled that '[t]he effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought.'" (quoting In re Piper Aircraft Distribution System

11

Antitrust Litig., 551 F.2d 213, 219 (8th Cir. 1997)). Further, as noted above, plaintiffs acknowledged in their response to the motion to dismiss that they were only asserting equitable tolling established July 8, 2013 as the date plaintiffs became aware of the allegedly discriminatory action. ECF No. 43, at 7. Even using this date, plaintiffs failed to comply with the FTCA prescriptive period. Plaintiffs have only pointed to a previously filed case and have not alleged any facts that would establish a tolling requirement. Therefore, defendants' motion to dismiss plaintiffs' FTCA claims as untimely is granted. Because the FTCA is the exclusive remedy for bringing tort claims against the United States, 28 U.S.C. § 2679, plaintiffs claims under articles 1802 and 1803 of the Puerto Rico Civil Code are dismissed.

    e. <u>Failure to state a claim under USERRA</u>

USERRA prohibits employers from denying initial employment to individuals who serve in the uniformed services, including the United States Army Reserve. 38 U.S.C. §§ 101, 4303, 4311(a). Defendants argue that in failing to allege that defendants were aware of González's military status, plaintiffs failed to state a claim upon which relief can be granted under URSERRA.[6]

A complaint must allege "a plausible entitlement to relief." <u>Rodríguez–Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 95 (1st Cir. 2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 559 (2007)). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job that compels us 'to draw on' our 'judicial experience and common sense.'" <u>Schatz v. Republican State Leadership Committee</u>, 669 F.3d 50, 55 (1st Cir. 2012) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009)). This

---

[6] Defendants argue in their reply to plaintiffs' response to the motion to dismiss that plaintiffs also failed to state a claim with respect to Title VII and ADEA claims. Under Local Rule 7, replies "shall be strictly confined to replying to new matters raised in the objection or opposing memorandum." The reply is not the vehicle for raising entirely new arguments for dismissal.

requires a two-pronged analysis. "First, the court must sift through the averments in the complaint, separating conclusory legal allegations (which may be disregarded) from allegations of fact (which must be credited)." Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013). Second, the court must "take the complaint's well-pled (i.e. non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d 50, 55 (1st Cir. 2012). "The relevant question for a district court in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" Rodríguez-Reyes, 711 F.3d at 55 (quoting Twombly, 550 U.S. at 569 n.14).

Defendants are correct that plaintiff did not allege the VA had actual knowledge of his military status. In response to defendants' argument, plaintiffs point to the allegations in the complaint that: "Plaintiff Héctor R. González-Pagán is a current service member of the US Army Reserve with the rank Lieutenant Colonel and he is a disabled war veteran . . . he was not hired by the agency do [sic] to his active services in the military in violation of USERRA." ECF No. 34, at ¶ 23 (quoting ECF No. 1, at 3, 5). Further, the complaint alleged that González's medical records, including military medical records, were stored with the VA such that the personnel there had access to it. ECF No. 1, at 4. The complaint additionally alleged that none of the positions that the Veteran's Administration subsequently filled were members of the military. Id. Drawing all reasonable inferences in the plaintiffs' favor, these allegations are sufficient to survive the motion to dismiss stage. Therefore, defendants' motion to dismiss the USERRA claim is denied.

### III.   CONCLUSION

In light of the forgoing, defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. All claims pursuant to the FTCA (as well as claims under articles 1802 and 1803 of the Puerto Rico Civil Code) and all claims under the ADA are hereby dismissed with prejudice. Remaining active are González's claims pursuant to Title VII, ADEA, and USERRA. Because defendants have not challenged plaintiffs' claims pursuant to 42 U.S.C. § 1983 and constitutional due process or Alma and the minor's claims pursuant to ADEA and USERRA these claims remain active as well.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 14th day of July, 2016.

s/Marcos E. López  
U.S. Magistrate Judge