**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| HECTOR R. GONZALEZ-PAGAN, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>VETERANS ADMINISTRATION CENTER, et al.,<br><br>    Defendants | CIVIL NO. 14-1795 (MEL) |

**OPINION AND ORDER**

### I.  PROCEDURAL HISTORY

On October 30, 2014, Héctor R. González Pagan ("González"), his wife Johanna Alma Matos ("Matos"), and their minor child (collectively "Plaintiffs"), filed a complaint against the Veterans Administration Center, the Department of Veterans Affairs, United States Secretary of Veterans Affairs Robert A. McDonald, the United States, United States Attorney General Eric Holder, and United States Attorney for the District of Puerto Rico Emilia Rodríguez Vélez (collectively "Defendants"). ECF No. 1. This case stems out of González applying for, being given a letter of pre-offer employment regarding, and ultimately being denied a position with the Veterans Administration Clinic in Mayagüez, Puerto Rico ("the VA Clinic"). Plaintiffs alleged violations of the constitutional right to due process, Title VII, 42 U.S.C. § 1983 ("§ 1983"), the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Uniform Services Employment and Re-employment Rights Act ("USERRA"), Servicemembers Civil Relief Act ("SCRA"), and, through the Federal Tort Claims Act ("FTCA"), articles 1802 and 1803 of the Puerto Rico Civil Code 31 L.P.R.A. §§ 5141 and 5142 (imposing liability for damages caused by fault or negligence).

On August 5, 2015, the court issued a deadline of November 13, 2015 to file motions to dismiss. ECF No. 22. On April 4, 2016, Defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction, failure to state a claim, and lack of prosecution. ECF No. 30. In light of no good cause being shown for Defendants' failure to file the motion to dismiss until almost five months after the expiration of the deadline, the portion of the motion requesting dismissal for failure to prosecute was summarily denied, and Defendants were ordered to pay Plaintiffs reasonable attorneys' fees in preparing a response to the motion to dismiss. ECF No. 39. Due to the nature of the other issues raised by the motion, however, the court issued a subsequent opinion dismissing all claims pursuant to the FTCA (as well as claims under articles 1802 and 1803 of the Puerto Rico Civil Code) and all claims under the ADA with prejudice. ECF No. 52.

On July 14, 2016, the parties attended a pretrial and settlement conference. ECF No. 53. At this conference Plaintiffs voluntarily desisted in pursuing their claims under §1983 and Title VII, and agreed to their dismissal with prejudice. Id. Plaintiffs also stipulated that González is the only remaining plaintiff in this lawsuit. In light of these stipulations and clarifications, all Title VII claims, all §1983 claims, and all claims by Matos and the minor were dismissed with prejudice. González also clarified that the United States Attorney General and the U.S. Attorney for the District of Puerto Rico were not intended to be parties to the suit. Therefore, any claims against the same were voluntarily dismissed with prejudice. Id. In summary, remaining after the pretrial conference were González's claims against the Department of Veterans Affairs and its Secretary in his official capacity, for alleged violations of the ADEA, USERRA, and the constitutional right to due process. Id.

On August 22, 2016, Defendants filed the motion pending before the court, requesting the court dismiss González's USERRA and due process claims with prejudice. ECF No. 65. González filed a response in opposition. ECF No. 69.

## II. ANALYSIS

### 1. THE USERRA CLAIM

Defendants first contend that the court lacks subject matter jurisdiction over González's USERRA claim because González did not bring said claim before the Merit Systems Protection Board. González concedes that USERRA claims must be adjudicated before the Merit System Protection Board, and requests the court dismiss the USERRA claim without prejudice. In light of González's concession, the USERRA claim is hereby dismissed WITHOUT PREJUDICE.

### 2. THE DUE PROCESS CLAIM

Defendants next request dismissal of the due process claim. Although Defendants' request is phrased as a challenge to subject matter jurisdiction, their request is better understood as a motion to dismiss for failure to state a claim.[1] The Supreme Court held in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), that in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodríguez–Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job that compels us 'to draw on' our 'judicial experience and common sense.'"

---

[1] Throughout the pending motion to dismiss, Defendants characterize their argument regarding the due process claim as a challenge to subject matter jurisdiction. See ECF No 65 at pgs. 1, 4, and 6. This does not accurately characterize the issue. "Subject matter jurisdiction refers to the court's power to decide a certain class of cases." LeMay v. U.S. Postal Serv., 450 F.3d 797, 799 (8th Cir. 2006). See also M.H.D. v. Westminster Sch., 172 F.3d 797, 802 (11th Cir. 1999) ( "[w]hen a party claims a right that arises under the laws of the United States, a federal court has jurisdiction over the controversy. If the court concludes that the federal statute provides no relief . . . then it properly dismisses that cause of action for failure to state a claim under Fed.R.Civ.P. 12(b)(6) or 12(c).")" Defendants do not contend the court lacks jurisdiction to decide an actionable due process claim. Rather, they argue that González's due process claim, as plead, is not distinct from the ADEA claim, and therefore provides him no relief. In essence, Defendants argue that González has failed to state a claim upon which relief can be granted.

Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).

This requires a two-pronged analysis. "First, the court must sift through the averments in the complaint, separating conclusory legal allegations (which may be disregarded) from allegations of fact (which must be credited)." Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013). "Similarly, a court does not accept as true allegations that while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual." Air Sunshine, Inc. v. Carl, 663 F.3d 27, 33 (1st Cir. 2011) (internal quotations omitted). "Second, the court must consider whether the winnowed residue of factual allegations gives rise to a plausible claim of relief." Rodríguez-Reyes, 711 F.3d at 53. "The relevant question for a district court in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" Id. at 55 (quoting Twombly, 550 U.S. at 569 n.14).

The present question is whether the complaint alleges a plausible entitlement to relief as to the due process claim. As an initial matter, nowhere in any of his briefing does González articulate his due process claim. In his response and opposition to the pending motion to dismiss, González asserts the court has "Subject Matter Jurisdiction" over his due process claim, but does not develop his argument, nor does he respond to the analysis—albeit mislabeled analysis—in Defendants' brief. See ECF No. 69. Rather, he states that the court already ruled on a prior motion to dismiss regarding the "ADEA and Due Process[,]" and requests that his responses and sur-replies in opposition to the prior motion to dismiss are incorporated into his present response. Defendants' prior motion to dismiss, however, does not challenge González's due process claim.

4

See ECF No. 30. Nor is the court aware of any prior briefing on behalf of González in support of his due process claim.

In fairness to González, some of the factual allegations in the complaint can reasonably be understood to concern due process. The complaint alleges that González applied for a position with the VA Clinic in 2010, was given a letter with "pre-offer employment" on December 8, 2010, and was provided instructions for completing the hiring process. ECF No. 1 at ¶¶ 12 and 13. According to the complaint, "on December 14, 2014,"[2] González completed a physical examination, went to the human resources office for a fingerprint scan, and at various offices of the VA, was greeted and welcomed by employees for being hired by the agency. After the final phase of the "in-processing," González was allegedly told to wait for a call from human resources. That call allegedly never came, and after contacting human resources about the status of his "application and pre-offer," was told to call back in two weeks. González alleges that he was ultimately not hired by the agency.

To state an actionable due process claim, a "plaintiff must allege facts (1) that support a determination that the plaintiff has a constitutionally protected life, liberty, or property interest, and (2) that the conduct complained of has deprived her of that interest without constitutionally adequate procedure." Jones-Booker v. United States, 16 F. Supp. 2d 52, 58–59 (D. Mass. 1998).

González's due process claim does not survive for multiple reasons. First, although public employees have a protected property interest in their continued employment when they reasonably expect their employment will continue, González alleges multiple times in his complaint that he was "not hired." ECF No. 1 at ¶¶ 17, 20; see King v. Town of Hanover, 116

---

[2] This date is reasonably understood as a typographical error, as the complaint was filed on October 30, 2014, roughly one and a half months before December 14, 2014. See ECF No. 1. As González alleges the letter containing his "pre-offer employment" is dated December 8, 2010, there is a reasonable inference that González is alleging that he began completing the instructions for the hiring process on December 14, 2010. See ECF No. 1 at ¶13.

F.3d 965, 969 (1st Cir. 1997). Although this court is aware of no expression by the First Circuit as to a person's property interest in prospective employment, the Second Circuit has declined to find a protected property interest in a conditional offer of employment. Crenshaw v. City of New Haven, 652 F. App'x 58, 60 (2d Cir. 2016). See also Wilson v. Dep't of Correction of Delaware, No. CIV.A. 99-614-JJF, 2001 WL 34368392, at *2 (D. Del. Mar. 30, 2001).

Even assuming, *arguendo*, that González had a protected property interest in his "pre-offer employment," his due process claim does not survive because he does not articulate what process he was due that was not provided. The only argument that can be gleaned from the complaint is that González was deprived of due process because he was not hired due to his age.[3] This claim, however, is not distinct from his claim under the ADEA.

In Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003), the First Circuit held that a plaintiff's constitutional claims are not justiciable to the extent they are merely a restatement of his age discrimination claims because "[t]he ADEA provides the exclusive federal remedy for age discrimination in employment." Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003) citing Lafleur v. Tex. Dep't of Health, 126 F.3d 758, 760 (5th Cir.1997); Chennareddy v. Bowsher, 935 F.2d 315, 318 (D.C.Cir.1991); Zombro v. Baltimore City Police Dep't, 868 F.2d 1364, 1369 (4th Cir.1989). In the instant case, González's due process claim is best understood as a restatement of his age discrimination claim. Therefore, the exclusive remedy available to him for the alleged age discrimination is the ADEA.

---

[3] The complaint states: "Plaintiff was not hired by the agency due to his medical condition in violation of the American of Disability Act [sic] (ADA), he was not hired by the agency [due] to his active services in the military in violation of USERRA, he was not hired by the agency [due] to his age in violation of the ADEA, and his constitutional right do [sic] to due process was violated." ECF No. 1 at ¶20. González's ADA and USERRA claims have been dismissed, therefore González's remaining argument is reasonably understood as the position that he was not hired on account of his age.

### 3. WHETHER GONZALEZ IS ENTITLED TO A JURY TRIAL

The final question pending before the court is whether González's sole remaining claim—age discrimination under the ADEA—entitles him to a jury trial. In <u>Lehman v. Nakshian</u>, 453 U.S. 156, 169, (1981), the United States Supreme Court held that a plaintiff proceeding in an ADEA action against the federal government has no right to trial by jury. The Supreme Court reasoned that a plaintiff in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute, and Congress granted no such right to ADEA plaintiffs suing the federal government. <u>Id</u>. In the instant case, González has not disputed that his ADEA claim is against the federal government. Therefore, he is not entitled to a jury trial.

### III. CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss (ECF No. 65) is GRANTED IN PART AND DENIED IN PART.[4] González's due process claim is hereby DISMISSED WITH PREJUDICE. His USERRA claim is hereby DISMISSED WITHOUT PREJUDICE. The court will hold a bench trial on the ADEA claim on October 10, 2017. <u>See</u> ECF No. 76.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of March, 2017.

s/Marcos E. López<br>
U.S. Magistrate Judge

---

[4] The motion to dismiss is denied to the extent that it requests dismissal of the USERRA claim *with* prejudice.